```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-Civ-22270-UNGARO
                              MAGISTRATE JUDGE P.A. WHITE
```

HERMAN WILLIAMS,                :

    Petitioner,             :

v.                              :     REPORT OF
                                               MAGISTRATE JUDGE
WALTER A. McNEIL,               :

    Respondent.             :
_____

## I. Introduction

Herman Williams has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his conviction and sentence in case number 07-13896, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.[1]

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Procedural History

Williams was charged with corruption by threat against a

---

[1] Williams was serving his sentence in case 07-13896 at the time he filed the instant petition on August 10, 2008, therefore he is "in custody" for purposes of habeas corpus even though the sentence in that case subsequently expired. He is presently incarcerated for unrelated Broward County cases at the Dade Correctional Institution in Florida City, Florida.

1

public servant. [DE# 9, App. B at 10, 14]. The State filed a notice of its intent to seek an enhanced habitual felony offender and habitual violent felony offender penalty. [DE# 9, App. B at 9]. He entered a guilty plea and was sentenced to 364 days imprisonment on October 10, 2007. [DE# 9, App. B at 17, 20].

Before entering his plea, Williams had filed a number of pro se motions, including a motion to dismiss based on facts, motion to inform, motion to act as co-counsel, motion for pre-trial release, motion to dismiss and motion for the judge's discretion. [DE# 9, App. B at 29, 35, 37, 43, 45, 48, 52, 56]. Williams withdrew several of these motions; the trial court denied the rest. [DE# 9, App. B. at 3, 43, 45, 47, 51].

Williams did not pursue an appeal in the Third District Court of Appeal or seek any collateral relief in the trial court.[2]

Williams filed the instant habeas petition on August 10, 2008,[3] in which he argues (1) trial counsel was ineffective for refusing to adopt his pro se motion to dismiss, and (2) the trial court deprived him his appellate rights and forced him to enter a guilty plea by denying his Ad Testificandum Motion to Appeal.

### III. Statute of Limitations

The State correctly concedes the instant petition was timely filed.

---

[2] This Court takes judicial notice of the electronic docket sheets maintained by the Clerks of the Third District Court of Appeal and Eleventh Judicial Circuit at http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3 and http://www2.miami-dadeclerk.com/CJIS/CaseSearch.aspx. See Fed. R. Ev. 201.

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

## IV. Exhaustion

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

Williams' claims are unexhausted because he has not presented them in any State court.

A stay permitting Williams to exhaust these claims is not warranted. The thirty-day limit for pursuing a direct appeal in the Third District Court of Appeal has expired. See Fla. R. App. P. 9.140(b)(3) (thirty day limit for seeking appellate review). Therefore, he would be precluded from exhausting any alleged trial court error. Williams could still seek post-conviction relief within Rule 3.850's two-year limit for raising claims of ineffective assistance of counsel and involuntary plea. However, a stay is unwarranted because Williams has failed to raise a claim upon which habeas relief could be granted as set forth in section VI, supra.

## V. Standard of Review

Section 104(d) of the AEDPA provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the decision of the state court was (1) "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams v. Taylor, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head,

4

268 F.3d 1223, 1241 (11th Cir. 2001).

## VI. Discussion

Williams contends (1) trial counsel was ineffective for refusing to adopt his pro se motion to dismiss, and (2) the trial court deprived him his appellate rights and forced him to enter a guilty plea by denying his Ad Testificandum Motion to Appeal. Assuming these claims had been exhausted in State court, they would not warrant relief because Williams waived these claims when he entered his guilty plea.

The United States Supreme Court gives guilty pleas finality by precluding claims of constitutional deprivations that occurred prior to the entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991). Therefore, as a general matter, entering a guilty plea waives a defendant's right to non-jurisdictional challenges to a state court conviction. United States v. Bonilla, ___ F.3d ___, 2009 WL 2496730 at *4 (11th Cir. Aug. 18, 2009); United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008).

Here, Williams' habeas claims are based wholly on pre-plea acts by defense counsel and the trial court. He rendered these alleged failings irrelevant when he admitted his guilt and entered his plea. He has not alleged his plea was involuntary or coerced.[4] As he waived the alleged errors by counsel and the court when he entered his plea, they can provide no basis for federal habeas relief.

---

[4] Although Williams states in Claim 2 that the trial court forced him to enter the plea by denying his motion ad testificandum, this allegation complains of an adverse ruling by the court and does not constitute a true coercion claim.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 27th day of August, 2009.

UNITED STATES MAGISTRATE JUDGE

cc:   Herman T. Williams, pro se
      DC# 196481
      Dade Correctional Institution
      19000 SW 377 Street
      Florida City, FL 33034-6409

      Michael Greenberg, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131